## J. E. BURKE, Respondent, v. T. WELO, Appellant.

(190 N. W. 269.)

**Pleading — allowance of amendment to complaint presenting new cause of action error.**

1. The trial court erred in allowing an amendment of the complaint, which presented a new cause of action.

**Trial — denial of motion by defendant to strike out incompetent evidence held error.**

2. For reasons stated in the opinion the trial court erred in refusing on motion of defendant to strike out certain incompetent evidence and in receiving over defendant's objection, certain other incompetent evidence.

**Limitation of actions — action held not accrued within six years prior to commencement.**

3. For reasons stated in the opinion, it is held that plaintiff's cause of action had not accrued within six years prior to the time of its commencement, the

Note.—On rule allowing amendments to pleadings, see 21 R. C. L. 580, et seq.; 3 R. C. L. Supp. 1172; 4 R. C. L. Supp. 1421; 5 R. C. L. Supp. 1165. On denial of motion to strike out incompetent evidence, see 26 R. C. L. 1055; 3 R. C. L. Supp. 1490; 5 R. C. L. Supp. 1437. On running of statute of limitations from accrual of cause of action, see 17 R. C. L. 748; 3 R. C. L. Supp. 727.

action purporting to be one to recover upon an open, mutual, and current account.

Opinion filed October 14, 1922.

Limitation of Actions, 37 C. J. § 232 p. 868 n. 17; Pleading, 31 Cyc. p. 410 n. 89; Trial, 38 Cyc. p. 1404 n. 47 New.

An appeal from the District Court of McHenry County, *C. W. Buttz*, J.

Judgment and order reversed and dismissal of action directed.

*Albert Weber,* and *John Thorpe,* for appellant.

*E. T. Burke,* for respondent.

GRACE, J.    This is an appeal from a judgment entered in favor of plaintiff in the sum of $369.15, and from an order denying defendant's motion for a judgment notwithstanding the verdict or for a new trial.

The facts in the case necessary to be stated follow:    Plaintiff is a lawyer who at one time resided at or near Velva, and who did some farming on the side, and defendant was engaged in the merchandize and farm implement business at Velva.    Plaintiff as an attorney rendered certain services for T. Welo, and the Velva Implement Company, the charges for which, it is claimed, were entered in plaintiff's books of account.    The first item was entered July 30th, 1903.    Several charges were made for each of the years from 1903 until 1907, both inclusive.    These items were set forth in a statement of account served upon defendant by plaintiff on defendant's demand.    There were in fact two of such statements of accounts so served.    The first did not include any charges or items for the year 1908 the last purported to include two items for that year.    These accounts purport to show charges of plaintiff against the defendant and the Implement Company and certain credits allowed them.    Defendant had an account against plaintiff for $162.77, incurred by certain men working upon plaintiff's farm and for which the latter gave his note in settlement to the defendant on July 7th, 1910.

Thereafter defendant brought suit in justice court upon the note, and recovered judgment by default.    Burke, the defendant in that suit, appealed to the district court and there attempted to plead as a counterclaim, the account upon which he now sues, but was denied the privilege of doing so by the trial court.    In February, 1914, he brought this

action, service of process being had on March 17th, 1914. The original complaint after alleging that for more than twelve years plaintiff had been a duly licensed and practising attorney in the state of North Dakota, further alleged: "That during that time and until four or five years ago plaintiff had, upon the request of the defendant, performed legal services of the reasonable value of $252.90," and demanded judgment accordingly, and interest. After the service of the summons and complaint upon him, defendant demanded an itemized statement of the account sued on, and was given the first account above mentioned. He thereafter interposed an answer, which included the following defenses:

1. A general and specific denial of the allegations of the complaint.

2. That the cause of action did not accrue within six years of the commencement of it and is barred by the provisions of paragraph 1 of § 6787, Revised Codes of 1905 of the state of North Dakota.

3. That he had long since fully paid plaintiff for all services due and owing from defendant to plaintiff and, in addition, added a denial that he had employed plaintiff in any capacity since October 31st, 1906.

After the answer was interposed, but only the day prior to trial, plaintiff made a motion to amend his complaint and was permitted to do so over defendant's objection. The amended complaint, in substance, states that for twenty years last past the plaintiff was licensed and authorized to practise law in the state of North Dakota. Paragraph 2 of the amended complaint is as follows:

"That from and between the years 1903 and 1908 inclusive the defendant had an open, mutual, and current book account, and that the plaintiff performed services for the defendant as his attorney and at his request at various times during said years, as is more particularly set forth on the itemized statement which is hereto attached and made a part of this complaint, and that an open mutual account existed during all of said time up to and including the 23d of March 1908, and that the balance due on the said 23d day of March 1908, from the defendant to the plaintiff was the sum of $252.90, on account of reasonable and agreed value of· said services." Judgment was demanded for this amount. To this complaint is attached the second itemized statement and is made a part of it. The answer interposed to the original complaint was the answer to the amended complaint, except that it was

amended to state in substance that the items in the amended statement
of account in which charges were made against anyone, except T. Welo,
are not charges against the defendant, and further pleads settlement
of all accounts on about July 7th, 1910, at the time the promissory note
hereinbefore referred to was executed. Upon a trial to court and a jury
plaintiff recovered a verdict upon which a judgment was entered in the
amount above mentioned.

Defendant made a motion for judgment notwithstanding the verdict
or for a new trial, specifying certain errors in connection therewith.
This being denied he appeals from both the judgment and order denying
a new trial and specifies numerous errors. It is not necessary to set
them all out, but all will be considered and those discussed which merit
discussion. It is claimed the court erred in allowing the amended com-
plaint for the reason that it changed the cause of action and thus pre-
sented a new issue. We think the court in this respect did err. The
first cause of action, if any, was based upon the contention that plain-
tiff had performed certain legal services for the defendant of the reason-
able value of $252.90. The amended complaint, if it stated a cause
of action, stated one for the recovery of a balance of $252.90, of an
open, mutual, and current account between plaintiff and defendant.
This was a wholly different cause of action than one to recover the
reasonable value of certain services; it involved different methods of
proof and dissimilar principles of law; while the trial court has a wide
discretion in allowing amendments, and in the interest of justice should
be liberal in the allowance of them, yet where an amendment states a
wholly different cause of action and operates to create an entirely new
issue, as was the case here, it is an abuse of discretion to allow it.

It is asserted that the court erred in refusing to strike out testimony
adduced on behalf of plaintiff where the effect of the same was to charge
defendant for services, which if rendered, were to the Velva Imple-
ment Company. We think the court did err thus. The Velva Imple-
ment Company was a corporation; it was not made a party to this suit.
Defendant in the absence of proof to that effect, was not chargeable with
its debts, and there is no such proof. It is claimed the evidence is
insufficient to support the verdict. The evidence is insufficient to sup-
port the verdict unless plaintiff is permitted to charge defendant with
the pretended item of March 23d, 1908; if this item is excluded it is.

clear that the balance of the account was not properly received as evidence, as more than six years have elapsed since the last item thereof and the commencement of this action. This item includes neither a charge against nor a credit in favor of defendant. It is not an item. It neither increased nor decreased the total of the account as it existed prior thereto. Its inclusion, therefore, in the account amounts to nothing. Clearly, then, plaintiff's alleged cause of action is barred. The evidence received in proof of it was in admissible and incompetent, and affords no support of the verdict. The court on the motion of defendant should have directed a verdict in his favor, since there was no competent evidence to support plaintiff's alleged cause of action. It is not necessary to the determination of this case to decide whether plaintiff's alleged account was a mutual, open, and current account. It is clear that plaintiff's alleged cause of action is barred.

The judgment and order appealed from are reversed and the cause remanded to the trial court with directions to enter an order dismissing the action. Appellant is entitled to his costs and disbursements on appeal.

BIRDZELL, Ch. J., and ROBINSON, J., concur.

BRONSON, J., concurs in result.
CHRISTIANSON, J., disqualified, did not participate.