MATH ROLES, Respondent, v. NICK ROLES and Peter Ehr. PE-
TER EHR, Appellant.

(225 N. W. 809.)

Opinion filed June 11, 1929.

*B. H. Bradford,* for appellant.

*F. B. Lambert* and *Moody O. Eide,* for respondent.

BIRDZELL, J. The plaintiff recovered a judgment against the defendant on a promissory note. The defendant moved for a judgment notwithstanding the verdict or for a new trial. The motion being denied, the defendant appeals to this court. The following statement of facts gleaned from the record will suffice to indicate the basis for the questions raised upon this appeal. In 1917, Nick Roles, a brother of the plaintiff, was indebted in a considerable amount to the Citizens Bank of Minot. Towards the end of the year there had been some

discussion of this indebtedness between Nick Roles and Peter Ehr, the president of the bank. Nick Roles was in need of more money which the bank was reluctant to furnish and he looked to his brother for assistance. After some preliminary talk with Ehr to this effect, Nick Roles caused the plaintiff, who resided at Robbinsdale, Minnesota, to visit him in North Dakota and they together called at Peter Ehr's office in the bank in Minot. The plaintiff there manifested his willingness to loan Nick Roles $2000 upon security being furnished, and the latter proposed the conveyance of a quarter section of land as security. Ehr stated that this would have a bad effect upon the credit of Nick Roles and signified his willingness to sign a note for this amount with him, stating at the same time circumstances showing that his credit should be good for this amount. Thereafter a note for $2000 dated January 1, 1918, due one year after date, payable to the plaintiff, was executed by Nick Roles and Peter Ehr and delivered to the plaintiff. The plaintiff testified that he remitted the amount of the note by draft and Nick Roles testified that the entire amount was paid over to Ehr, but Ehr denies having received it. There is a further conflict in the testimony with reference to the payment of the note and the payment of interest. The defendant claims and testifies, in substance, that when the note fell due he spoke to the co-maker, Nick Roles, about the necessity of it being paid, was told that it was paid and that the latter, upon his request, agreed to bring it in and exhibit it to him, which was never done; also, that he had never given any directions regarding or assented to the payment of any interest subsequent to that time. Nick Roles testified in substance denying the conversation with reference to the payment, contending that he had indicated that the payee would be content to carry the obligation provided the interest was paid; that pursuant to this understanding interest was paid from time to time; that, specifically, in the fall of 1924 when there was substantial return from the crops raised by Nick Roles, by the direction or assent of Ehr, he had sent $500 to the payee with the direction to credit it upon interest. The amount so sent was credited upon interest owing upon both the note in question and other indebtedness, paying all interest to October, 1924.

The first contention on the appeal is that the court erred in permitting counsel for the plaintiff, in his examination of the jurors upon

their voir dire, to examine them with reference to whether they were interested as stockholders or otherwise in banks. It was pointed out that the suit was between individuals and did not involve banking nor the interests of any bank, and the suggestion in this manner served to convey to the jurors the idea that the bank, rather than the defendant, would be affected by a recovery. It is said that such an intimation is as prejudicial to the defendant as would be the suggestion that an insurance company would sustain the real loss resulting from a recovery for personal injuries, such as was involved in Beardsley v. Ewing, 40 N. D. 373, 168 N. W. 791. An examination of the record in the instant case, however, convinces us that the examination in question cannot be considered prejudicial. The evidence bearing upon the negotiations which led to the execution of the note in question necessarily disclosed the relations between Nick Roles and the Citizens Bank, of which the defendant Ehr was president, and showed that Ehr was acting in the interest of the bank.

The plaintiff testified without objection that Peter Ehr told him he was president of the bank and owned the building across the street, and upon cross-examination of Nick Roles, the defendant's attorney, himself, inquired as to whether the witness was indebted to Peter Ehr or the Citizens Bank, eliciting this answer: "Well I guess my dealings was through the Citizens Bank. Peter Ehr was president." "Q. In other words, if you turned this $2000 over to anybody you turned it over to the bank to apply on your debt, didn't you? A. I turned this money over to Mr. Ehr because it was for me he signed the note, not the Citizens Bank didn't sign. Q. Didn't you turn it over to apply on your debt? A. Well through Mr. Ehr, yes. Q. And you knew it was to be applied on your debt to the Citizens Bank, didn't you? A. Well that is what I expected, yes. Q. That is what you turned it over for? A. Yes." This is only a fragment of the testimony, but the record is replete with evidence indicating that the relations between Nick Roles and the Citizens Bank are inseparably connected with the transaction in question and that, while Peter Ehr signed the note in question personally, he did so largely because of his interest in the bank and his desire to advance its welfare. So, even if the suggestion of the bank's interest in the litigation had not been made in the examination of the jurors, nevertheless there would have been—as in

fact there was—ample foundation in the evidence for the jury to have inferred that the bank's interests were involved in the lawsuit as well as the personal interest of the defendant.

It is argued that the appellant, being an accommodation maker and known to be such by the plaintiff, was released from liability by extensions of the note from year to year made between the plaintiff and the defendant Nick Roles, the principal debtor. Whether this contention be well founded may depend upon whether Peter Ehr was in fact an accommodation maker or whether he signed the note to serve some purpose of his own, thus receiving a consideration; whether even though an accommodation maker, he would be released under the Negotiable Instruments Act (Comp. Laws 1913, § 7004; Neg. Inst. Law, § 119; First Nat. Bank v. Meyer, 30 N. D. 388, 152 N. W. 657); or whether the record discloses any actual contract between the plaintiff and Nick Roles extending the time of payment. A careful examination of the record fails to disclose that any contract was made whereby any definite extension was agreed upon. This must exist before a surety or accommodation maker is released. McCormick Harvesting Mach. Co. v. Rae, 9 N. D. 482, 84 N. W. 346. Hence, in any view of the case the appellant was not released, and we are not called upon to express any opinion as to whether Ehr was an accommodation maker or whether he would be released under § 119, supra.

It is contended that the action against the appellant was barred by the statute of limitations. The record shows that there was no communication between the plaintiff and the defendant Ehr regarding the note in question at any time after it was executed until the bringing of this action in October, 1927, some eight years and ten months having elapsed after the accrual of the cause of action. Nick Roles testified that in the summer of 1924 Ehr had asked him about his crop and about the note; that he had informed Ehr, in response to his query, that the crop was good, that he had kept up the interest on the note, and told Ehr that if he paid the interest the plaintiff would further extend the note; that Ehr then told him to pay the interest and bring him the balance of the proceeds; that in pursuance of this understanding and direction he sent the plaintiff $500, part of which was credited as interest on the note in question and that he gave the re-

mainder of the net proceeds of the crop to the bank, of which Ehr was president. Ehr denies this conversation.

Section 7394, Compiled Laws of 1913, provides "No acknowledgment or promise is sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest." It is contended that under this section a payment of interest by a joint debtor will not have the effect of tolling the statute as to the co-debtor; that whatever the rule might be in jurisdictions where a simple verbal promise might revive the remedy, under a statute like ours requiring the new promise to be in writing, a promise binding upon a co-debtor should not be implied from a part payment alone; nor should it be rendered binding by the further circumstance of authorization where that circumstance rests upon the unsupported testimony of such debtor as to a verbal authority.

Whatever conflict there may be in the authorities with reference to the effect upon the liability of a joint or joint and several obligor of a partial payment made by a co-obligor, the general rule is that, where such payment is made upon the request of, or by the direction of, or under an express agreement with, such obligor, or where he subsequently ratifies the payment, it will toll the statute as to him. 37 C. J. 1164; 17 R. C. L. 938. See cases cited in note in 65 Am. St. Rep. page 684. Since our statute, while requiring a new promise or acknowledgment to be in writing, signed by the party to be charged, expressly states that this requirement shall not alter the effect of any payment of principal or interest, it must be assumed that it was enacted with the general rule pertaining to the effect of such payment in mind, and we cannot construe the statute in accordance with the appellant's contention without doing violence to its language. It follows that if the jury should accept—as it apparently has done—the testimony of Nick Roles, the part payment by him was made upon the direction and authority of the appellant and tolls the statute as to him.

Further argument is advanced concerning the prejudicial effect of certain leading questions. In the light of the record, we do not believe that the discretion of the trial court governing the matter was abused.

Further contention is advanced that error was committed in permitting an amendment of the verdict to include interest. The jury returned a verdict for the face of the note, $2,000. Under the evidence interest had been paid and credited upon the entire obligation of Nick Roles to the plaintiff, which included other indebtedness, down to October, 1924, and a subsequent payment of $25, after the institution of this suit, was made and credited as interest upon the note in question. The court amended the verdict by adding interest from October, 1924, to date, minus $25.00. The jury had been particularly instructed that they should include the amount of interest due. It is submitted by the appellant that the jury had a right to find under the evidence that the payment of $500 in 1924 should have been and was in fact applied upon this note and not partially upon any other indebtedness. This question is not before us. The appeal is from an order of the trial court denying the defendant's motion for a judgment notwithstanding the verdict or in the alternative for a new trial, which order was made and entered on the 8th day of October, 1928, and served upon defendant's counsel on the 10th day of October, 1928. There is no appeal from the judgment. The order amending the verdict pursuant to the motion to that end was made after trial in the order for judgment, which was entered April 10, 1928, and service of the order and notice of entry of judgment accordingly were made on defendant's attorney on April 16, 1928. Hence, as the action complained of preceded the entry of a judgment from which no appeal has been taken, and as the time has expired for an appeal from the judgment, and it having become final, no question concerning the propriety of amending the verdict is properly before us. The fact that the making of the amendment was sought to be questioned in the motion for a new trial does not affect the matter, for this is not a ground for a new trial. Comp. Laws 1913, § 7660.

The judgment must be affirmed. It is so ordered.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.