This action was brought to foreclose a real estate mortgage. The material facts as found by the trial court — and they are well sustained by the record — are substantially as follows: On December 1, 1912, Hubert Peerboom, now deceased, and his wife, executed their note to Theodore Peerboom for $5,768, due December 1, 1917. Interest at the rate of 7 per cent was payable annually. As security for this note they executed the mortgage of even date therewith which the plaintiff now seeks to foreclose. This mortgage covered lands in McHenry county and was recorded in the office of the register of deeds of that county on January 11, 1913. From time to time thereafter *Page 199 
substantial payments of interest and in reduction of the principal of the note were made, in all aggregating $5,883.26. The last of these payments in the sum of $167 was made on August 28, 1932. Hubert Peerboom died in April, 1933. On April 18, 1936, the note and mortgage in question were assigned to J.J. Breher. This assignment was recorded on May 16, 1936. The interveners, the appellants in this court, were unsecured creditors of Hubert Peerboom. Their claims were filed in the county court of McHenry county and allowed in due course of the administration of Peerboom's estate. Thereafter, and on October 23, 1934, they applied to a judge of the district court within and for McHenry county for an order discharging this mortgage of record pursuant to the provisions of chapter 153, Sess. Laws 1933. The application was ex parte. It was granted and an order to that effect was made and entered. At the time that Peerboom incurred the obligations on account of which the appellants claim, they had constructive if not actual notice of the mortgage by reason of its recordation in the office of the register of deeds, and of course they had actual notice thereof at the time of their application to have such mortgage discharged of record. It also appears that at the time Breher took the assignment of the mortgage from the original mortgagee, he had actual notice of the issuance of the order of the district court discharging such mortgage of record.
In July 1936 the instant action to foreclose was brought. The defendants defaulted. Thereafter Breher died intestate and Magnuson, as the administrator of his estate, was duly substituted as plaintiff. On June 26, 1937, the appellants applied to the district court for leave to intervene in the instant case. In support of their application they showed that they had claims duly allowed against the estate of Hubert Peerboom; that other than real estate covered by the mortgage in question there were no assets belonging to the estate out of which such claims could be paid; and that the mortgage in question had been discharged of record as hereinbefore set out. The appellants in support of the application contended they had the right to defend as against the foreclosure because of the order discharging the mortgage of record and the allowance of their claims against the estate of the mortgagor. Leave to intervene was granted and they served and filed their complaint in intervention. Issue having been joined the case came to trial. *Page 200 
The court held that the effect of the discharge of the mortgage of record pursuant to chapter 153 was merely to clear the record and that it did not otherwise affect the rights of the mortgagee or his assignee; that since the mortgage was of record at the time the appellants' claims were incurred and they thus had constructive notice thereof at that time, the lien of the mortgage was superior to any rights the interveners might have on account of such claims, notwithstanding the subsequent order of the district court discharging the mortgage of record. Accordingly, he ordered judgment of foreclosure pursuant to the prayer of the complaint and judgment was entered thereon. Thereupon the interveners perfected the instant appeal.
The sole question on this appeal is as to the construction and effect of chapter 153, Sess. Laws 1933. This statute provides: "Three months from and after the taking effect of this Act, every mortgage of real estate which has not been renewed or extended of record within fifteen years after its due date or when no due date is shown in the mortgage, then within twenty years after the recording of such mortgage, shall be discharged of record by order of a Judge of the District Court within the district in which the mortgaged real estate is situated upon application of any party interested and without notice."
Appellants contend that the statute is a statute of limitations; that the mortgage in question not having been renewed or extended of record the order of the district court, made pursuant to the terms of the statute, operated to cancel and discharge the mortgage and to bar all claims of right thereunder. On the other hand, the respondent contends that the order of the district court merely discharged the mortgage of record; that as between the mortgagor and the mortgagee and all persons having actual notice of the mortgage it was as effective as ever it had been; that the mortgage was of record at the time the obligations on which the appellants predicate their claims were incurred and that they had at that time constructive notice of it by virtue of its recordation; that they had actual notice of the mortgage at the time they applied to have it discharged of record; that accordingly they are in no better and in no worse position than they were at the time their claims accrued; that giving any other effect to the provisions of chapter 153 renders the statute unconstitutional as violative of the provisions of Article 14 of the Amendments of the Constitution of the *Page 201 
United States and § 13 of the Constitution of the state of North Dakota.
Chapter 153, supra, went into effect July 1, 1933. The note secured by the mortgage here in question fell due on December 1, 1917, and thus fixed the due date of the mortgage. But payments having been made on the mortgage debt from time to time, the last in August, 1932, the life of the debt was thereby continued. See § 7394, Comp. Laws 1913. These payments likewise had the effect of extending the life of the mortgage. See Roberts v. Roberts,10 N.D. 531, 88 N.W. 289; Colonial U.S. Mortg. Co. v. Northwest Thresher Co. 14 N.D. 147, 103 N.W. 915, 116 Am St Rep 642, 70 L.R.A. 814, 8 Ann. Cas. 1160; Omlie v. O'Toole, 16 N.D. 126, 112 N.W. 677; Hansen v. Branner, 52 N.D. 892, 204 N.W. 856, 41 A.L.R. 814; Albaugh v. Osborne-McMillan Elevator Co. 53 N.D. 113,205 N.W. 5. Thus both the note, the evidence of the mortgage debt, and the mortgage, were valid and enforcible at the time that chapter 153 became effective, and the statute of limitations would not have run against the mortgage until August 1942, more than nine years thereafter. See Comp. Laws 1913, § 7374. So there is no question but that the mortgage was good as between the mortgagor and the mortgagee on April 18, 1936, when the note and mortgage were assigned to Breher, unless the statute, chapter 153, operated to extinguish the rights of the mortgagee. And it is to be noted that no challenge to the validity of the mortgage has been raised by the heirs or executrix of the mortgagor.
At the common law there was no requirement that instruments affecting real estate should be recorded. Epps v. McCallum Realty Co. 139 S.C. 481, 138 S.E. 297; 53 C.J. 609. The recording statutes are creatures of the legislature and the effects of recordation and of failure to record are prescribed by the legislature. See Comp. Laws 1913, §§ 5546 et seq., 5594 et seq., and 6753. As between the parties to it and those who have notice thereof, a mortgage is not at all affected by recordation. Comp. Laws 1913, § 5598. The purpose of the recording statutes is to give notice of and to protect rights, as against subsequent purchasers or encumbrancers, not to create rights not possessed, either of record or in fact. Eynon v. Thompson, 48 N.D. 390, 184 N.W. 878.
Chapter 153, supra, is entitled "An Act to provide that real estate *Page 202 
mortgages not renewed or extended of record within 15 years shall be discharged from public record." Its words are that mortgages on real estate which have "not been renewed or extended of record within fifteen years . . ." after their due dates ". . . shall be discharged of record . . . upon application of any party interested and without notice." Throughout this statute, from its title to its conclusion, the emphasis is upon the record. It is impossible to read into it any intention to cancel and satisfy or discharge the mortgage itself and relieve the security from the lien imposed upon it. The evident purpose of the statute is to clear the public record of old and unrenewed mortgages, not to bar action upon enforcible existing ones. The legislature, having the power to provide for the recordation of instruments affecting real property and for the giving of constructive notice by such recordation, may also provide that where renewal or extension agreements are not likewise duly recorded no constructive notice shall thereafter be afforded. And that is what chapter 153 does, and no more, when pursuant to its provisions an order is obtained discharging a mortgage of record. From the date of such discharge the recordation affords no constructive notice. Thenceforth, so far as the mortgage is concerned, it is as though it had never been recorded. Otherwise there is no change in its effect either as between the parties to the contract or as to third persons.
In the instant case, the order of the district court discharging the mortgage of record cannot benefit the interveners. At the time the claims accrued against Hubert Peerboom, chapter 153 had not been enacted. The mortgage then being of record appellants were charged with constructive notice of its existence. They extended no credit on the strength of a clear record. They had actual knowledge of the existence of the mortgage at the time the order was obtained. They could not, by means of the order, defeat the prior claim of the mortgagee. And Breher, as his assignee, succeeded to all the mortgagee's rights.
What we have said above disposes of this appeal. So we refrain from considering the challenge of unconstitutionality raised by the respondent as against chapter 153. The court will not pass upon the validity of a statute unless it is necessary to a determination of the case before it. See Olson v. Ross, 39 N.D. 372, 167 N.W. 385; *Page 203 
Murie v. Cavalier County, 68 N.D. 242, 278 N.W. 243, and cases cited.
The judgment of the district court was right and is affirmed.
MORRIS, CHRISTIANSON, and BURR, JJ., and ENGLERT, Dist. J., concur.