KADRMAS, LEE & JACKSON, P.C., Plaintiff and Appellant,

v.

Carl BOLKEN, Defendant and Appellee.

Civ. No. 930141.

Supreme Court of North Dakota.

Nov. 10, 1993.

Michael L. Wagner of Wagner Law Firm, Bismarck, for plaintiff and appellant.

Ross H. Espeseth of LaRoy Baird Law Firm, Bismarck, for defendant and appellee.

SANDSTROM, Justice.

In this case we revisit the issue of whether partial payments on an open account may toll the statute of limitations for an entire debt.

Kadrmas, Lee & Jackson, P.C. [KLJ] appeals from a summary judgment dismissing its action to collect for engineering services rendered to Carl Bolken. The district court concluded KLJ's collection action was for a simple open account and was barred by the statute of limitations. We reverse and remand.

I

In July 1978, May 1982, and July 1982, KLJ performed engineering services for Bolken.[1] KLJ's total bill for those services was $13,634.99, excluding interest. On April 9, 1984, Bolken paid KLJ $4,000, leaving a balance due of $14,832.62, including interest. According to KLJ, in November 1985, the parties orally agreed to discount the balance due on the account in exchange for full payment of $10,000. On November 8, 1985, Bolken paid KLJ $3,000. On July 2, 1987, KLJ contacted Bolken about the account, and on September 25, 1987, Bolken paid KLJ $2,000. On July 17, 1989, KLJ's attorney contacted Bolken about the account, and, on August 1, 1989, Bolken paid KLJ $1,000.

On January 13, 1990, KLJ began this action against Bolken, seeking the $12,672.16 balance due on the account, plus interest. Bolken asserted KLJ's claim was barred by the statute of limitations. The trial court granted summary judgment for Bolken, concluding the account was a "simple open account" which had not been converted into an "account stated" by a written acknowledg-

---

1. KLJ also performed "survey elevation checks" for Bolken in September 1984, and billed him $76.50 for that work. Although a claim for that work was initially part of this action, the parties stipulated to a dismissal of that claim.

ment or promise to pay under N.D.C.C. § 28–01–36, or by an oral agreement. The court concluded KLJ's action was barred by the six-year statute of limitations under N.D.C.C. § 28–01–16(1), because, under *Erenfeld v. Erenfeld*, 196 N.W.2d 406 (N.D. 1972), Bolken's partial payments did not toll the limitations period. KLJ appealed.

## II

■■ An action upon a contract must begin within six years after the claim for relief has accrued. N.D.C.C. § 28–01–16(1). The statute of limitations for an action to collect an account stated accrues on the date when the statement is made, *Hansen v. Fettig*, 179 N.W.2d 739, 743 (N.D.1970), while the statute of limitations for an action to collect a simple open account accrues on the date that each service or item on the account is provided. *State v. Hintz*, 281 N.W.2d 564, 567 (N.D. 1979); *Erenfeld*, 196 N.W.2d at 409.

■ An open account involves ongoing charges by one party and payments by another party where the parties have not settled the charges, or where there are running or current dealings between the parties and the account is kept open in expectation of further dealings. *Hintz*, 281 N.W.2d at 567. An account stated is created when parties to an open account reach an agreement on the correctness of separate items of the account and the balance to satisfy the account. *Fettig*, 179 N.W.2d at 743–44; *Rolette State Bank v. Rolette County*, 55 N.D. 377, 213 N.W. 848, 849 (1927). *See* 1 Am.Jur.2d *Accounts and Accounting*, § 21 (1962).

The parties do not dispute that this account originally represented ongoing charges by KLJ for engineering services and payments by Bolken for those services. An account with only charges by one party and payments by the other party is an open account. *Hintz*, 281 N.W.2d at 567. However, KLJ asserts Bolken orally agreed to convert the open account to an account stated in November 1985, and, therefore, the start of this action on January 13, 1990, was timely under N.D.C.C. § 28–01–16(1).

In *Fettig*, this Court considered the effect of an alleged oral agreement to create an account stated under N.D.C.C. § 28–01–36, which provides:

> *"New promise must be in writing in order to extend limitation—Effect of any payment.* No acknowledgment or promise is sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby, but this section does not alter the effect of any payment of principal or interest."

Recognizing parties to an open account may agree to an account stated, this Court said:

> "The discussion so far has proceeded on the assumption that an oral acknowledgment or new promise is sufficient to exclude the statute of limitations. But as a matter of fact there are in many jurisdictions statutes which require such an acknowledgment or promise to be in writing. If such a statute is applicable to actions to enforce an account stated, it would seem logically incorrect to say, broadly, that limitations begin to run against an account stated from the time the statement is made. If the statement is in writing, then, in a sense, limitations may begin to run from the time of the statement, but if the statement is oral it would seem that the statute makes it a nullity, at least so far as limitations are concerned. 51 A.L.R.2d 347, 348 (1957).

> \*   \*   \*   \*   \*   \*

> "An English statute of 1829, commonly known as Lord Tenterden's Act, providing, in effect, that no new promise should be sufficient to take a case out of the operation of the statute of limitations unless in writing, signed by the party to be charged, was the model or basis of statutes appearing in most American jurisdictions. While some of these statutes closely parallel the original English enactment, others exhibit some variety of terminology; all of them, however, require a writing with respect to acknowledgments or new promises relied upon to defeat the statute of limitations. \* \* \*

> "The bearing of statutes of this kind on the effect of the limitation doctrine on

accounts stated is a matter of considerable confusion.

"There are some cases which, assuming the general applicability of statutes based on Lord Tenterden's Act to actions involving a stated account, make the effect of such a statute depend upon whether or not the original items of the account accrued beyond the applicable period of limitation before the account was stated. If they did so accrue and if the statement of the account was oral, then recovery on the account stated is barred; if, on the other hand, the account was stated, orally, before limitations had run on any of the items of the account, an action to enforce the account stated may be maintained." *Fettig*, 179 N.W.2d at 744–45.

In *Fettig* there was no written acknowledgment or promise of a new or continuing contract to toll the statute of limitations. Without deciding whether an oral acknowledgment or promise of a new or continuing contract was sufficient to toll the statute of limitations under N.D.C.C. § 28–01–36, we concluded the evidence failed to establish an oral agreement between the parties and held the creditor could not recover on the theory of an account stated.

■ In construing N.D.C.C. § 28–01–36, we seek to ascertain the intent of the Legislature. We look first to the language of the statute. *E.g., County of Stutsman v. State Historical Society*, 371 N.W.2d 321, 325 (N.D.1985). Each word and phrase of a statute must be construed to have meaning. *County of Stutsman.*

■ Although dicta in *Fettig* suggests an oral acknowledgment or promise tolls the statute of limitations under N.D.C.C. § 28–01–36, the plain language of the statute requires a written acknowledgment or promise of a new or continuing contract for purposes of tolling the statute of limitations. Construing N.D.C.C. § 28–01–36 to allow an oral acknowledgment or promise to toll the statute of limitations would render the "writing signed by the party to be charged" phrase of the statute meaningless, which is contrary to our rules of statutory construction. *County of Stutsman.* We thus construe N.D.C.C.

§ 28–01–36 to require a written acknowledgment or promise of a new or continuing contract for purposes of tolling the statute of limitations. Because there was no evidence of a written acknowledgment or promise signed by the party to be charged, the trial court correctly determined the statute of limitations was not tolled on the basis of an account stated.

### III

■ KLJ alternatively argues Bolken's partial payments on the simple open account tolled the statute of limitations and asks us to overrule contrary language in *Erenfeld.*

In *Erenfeld*, a doctor sued a patient's estate to collect on an open account for services rendered from 1941 to 1969. The patient had made partial payments on the open account less than six years before the doctor began the action. A majority of this Court held:

"A review of the record reveals that there is no evidence of an acknowledgment or promise in writing which would create an account stated. However, [the creditor] argues that part payment on a simple open account in itself tolls the statute of limitations. [The creditor's] argument is untenable in view of our decision in *Hansen v. Fettig, supra*, which holds that part payment on a simple open account without a written acknowledgment or promise does not toll the statute of limitations." *Erenfeld*, 196 N.W.2d at 410.

Justice Teigen, in a dissent joined by Justice Knudson, disagreed with the majority's conclusion that *Fettig* held "part payment on a simple open account without a written acknowledgment or promise does not toll the statute of limitations." Justice Teigen concluded the majority misapplied *Fettig* and erroneously construed N.D.C.C. § 28–01–36, by failing to recognize the statute did "not alter the effect of any payment of principal or interest."

Justice Teigen said:

"[P]ayment without a written acknowledgment or promise is regarded as the equivalent of a new promise in writing. 51 Am. Jur.2d, Limitation of Actions, § 361.

"Our court has recognized the principle that the statute of limitations is tolled as to the obligor in the event of payment upon the debt without a written acknowledgment or promise in a number of cases. *Magnuson v. Breher,* 69 N.D. 197, 284 N.W. 853 (1939); *Langlie v. Loge,* 59 N.D. 399, 230 N.W. 211, 71 A.L.R. 373 (1930); *Roles v. Roles,* 58 N.D. 310, 225 N.W. 809 (1929); *Hansen v. Branner,* 52 N.D. 892, 204 N.W. 856, 41 A.L.R. 814 (1925); *Omlie v. O'Toole,* 16 N.D. 126, 112 N.W. 677 (1907).

"Thus we have judicially acknowledged and adopted the well-established principle that a part payment of a debt may, under proper circumstances, constitute such an acknowledgment of a larger debt that will raise an implication of a new promise to pay the balance and set the statute of limitations running anew. This is the general, if not the universal, rule. 51 Am.Jur. 2d, Limitation of Actions, §§ 360 through 390; 54 C.J.S. Limitations of Actions §§ 321 through 339; 36 A.L.R. 346. Our legislature acknowledged this principle by adopting the exception in Section 28–01–36, N.D.C.C., quoted above....

"It is clear from the citations heretofore given that a part payment, to be effectual to toll the running of the statute of limitations, must be voluntary, free from uncertainty as to identity of the debt, and must be made and accepted as a payment of a part of a larger debt, under circumstances consistent with intent to pay the balance. The burden is upon the creditor to show these requisites." *Erenfeld,* 196 N.W.2d at 412 (Teigen, J., dissenting).

Justice Teigen concluded the circumstances of the patient's partial payments constituted an acknowledgment of the continuing existence of the larger debt, which would have precluded the patient from raising the statute of limitations as a defense to the entire unpaid balance.

■ Justice Teigen's dissent correctly states the law about partial payment under N.D.C.C. § 28–01–36. The North Dakota authorities cited in Justice Teigen's dissent relied upon the predecessor statute to N.D.C.C. § 28–01–36, C.L.1913, § 7394, for the principle that partial payment of a debt may, under proper circumstances, constitute an acknowledgment of the entire debt so as to preclude the debtor from raising the statute of limitations as a defense to the entire debt. *Magnuson* [in action to foreclose real estate mortgage, partial payments on mortgage tolled the statute of limitations on the debt and the mortgage under C.L.1913, § 7394]; *Langlie* [in action to enforce promissory note, partial payment by one co-maker of a joint and several promissory note, without the consent of the other co-maker, does not toll the statute of limitations in favor of the other co-maker]; *Roles* [in action to enforce promissory note, partial payment by co-obligor at the request or direction of, or under an express agreement or ratification by, the other co-obligor, tolls the statute of limitations as to both co-obligors under C.L. 1913, § 7394]; *Branner* [in action to foreclose mortgage, partial payments on note secured by real estate mortgage is an acknowledgement from which a new promise to pay the entire debt can be inferred under C.L.1913, § 7394]; *Omlie* [in action to foreclose real estate mortgage, partial payment of debt by husband tolls statute of limitations as to husband].

Those North Dakota decisions are in accord with the great weight of authority that "partial payment of an account within the statutory period prior to the commencement of the action prevents the defense of the Statute of Limitations." Annot., *Payment on Account as Removing or Tolling Statute of Limitations,* 36 A.L.R. 346, 347 (1925); *see* Annot., *Payment on Account, or Claimed to be on Account, as Removing or Tolling Statute of Limitations,* 156 A.L.R. 1082 (1945); 1 Am.Jur.2d *Accounts and Accounting,* § 18 (1962); 51 Am.Jur.2d *Limitation of Actions,* § 360 et seq. (1970).

Our pre-*Erenfeld* decisions involving the effect of partial payment of a promissory note or a mortgage under C.L.1913, § 7394 and Justice Teigen's dissent in *Erenfeld* correctly analyzed the effect of partial payment of an open account on the statute of limitations under N.D.C.C. § 28–01–36. The parties have presented no logical reason for distinguishing between partial payment on

mortgages or promissory notes and partial payment on open accounts. The language of N.D.C.C. § 28-01-36 does not make that distinction and, instead, specifically says the requirement for a signed writing for a new or continuing contract "does not alter the effect of any payment of principal or interest." Although we recognize the role of stare decisis in our system of jurisprudence, we agree with Justice Teigen's observation in *Erenfeld:* the majority failed to recognize the Legislature's enactment of the principle that partial payment tolls the statute of limitations under N.D.C.C. § 28-01-36. To the extent it holds partial payments do not toll the statute of limitations, *Erenfeld* is inconsistent with our prior decisions construing the predecessor to N.D.C.C. § 28-01-36 and the great weight of authority and we expressly overrule it.

We hold partial payments on an open account may, under the circumstances enunciated in Justice Teigen's dissent in *Erenfeld,* toll the statute of limitations for the entire debt. The circumstances constituting an acknowledgment of an entire debt are a showing partial payments were voluntary, free from uncertainty as to the identity of the debt, and made and accepted as partial payment of the larger debt under circumstances consistent with an intent to pay the entire debt. *See Erenfeld* (Teigen, J., dissenting). *See also* Annot., *Debtor's Restrictive Language Accompanying Part Payment as Preventing Interruption of Statute of Limitations,* 10 A.L.R. 4th 932 (1981).

## IV

■ Bolken argues our decision should be applied prospectively.

In *Olson v. Dillerud,* 226 N.W.2d 363, 369 (N.D.1975), this Court quoted the following relevant factors from *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), for determining whether a decision should be applied retroactively or prospectively:

> " 'In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed,
> . . .
>
> Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." ' "

In *Olson,* we followed the *Chevron* factors and retroactively applied a previous decision declaring two state statutes unconstitutional under the equal protection provisions of the state and federal constitutions. Since *Olson,* we have employed the *Chevron* factors to retroactively and prospectively apply judicial decisions in a variety of different situations.[2]

2. We have also analyzed issues about retroactivity and prospectivity without specifically citing the *Chevron* factors. However, those decisions have relied upon similar factors. *Metropolitan Life Ins. Co. v. Commissioner of Dept. of Insurance,* 373 N.W.2d 399, 412 (N.D.1985) [equities of case required prospective application of decision that gross premium tax on foreign insurers was unconstitutional]; *State v. Nagel,* 308 N.W.2d 539, 544-545 (N.D.1981) [purpose of rule, reliance interests, and burden in administration of justice did not favor retroactive application of United States Supreme Court decision]; *Soo Line Railroad Co. v. State,* 286 N.W.2d 459, 465 (N.D.1979) [hardship required prospective

application of decision forbidding use of a higher percentage of assessed value for centrally assessed property than for locally assessed property]; *O'Leary v. Coenen,* 251 N.W.2d 746, 751 (N.D.1977) [judicial necessity for abandoning use of common law categories of licensee and invitee in premises liability cases required prospective application of decision, except as to the parties to the action]; *Walker v. Omdahl,* 242 N.W.2d 649, 658-659 (N.D.1976) [reliance required prospective application of decision that statute was unconstitutional]; *Kitto v. Minot Park District,* 224 N.W.2d 795, 804 (N.D.1974) [decision abolishing governmental immunity applied prospectively, except as to parties to the action, to minimize

*Butz v. World Wide, Inc.*, 492 N.W.2d 88, 91–92 (N.D.1992) [decision requiring compulsory joinder of consortium claim with underlying action applied prospectively]; *Service Oil, Inc. v. State*, 479 N.W.2d 815, 821 (N.D.1992) [decision declaring reciprocity provision of motor vehicle fuel taxes unconstitutional applied retroactively]; *First Interstate Bank of Fargo v. Larson*, 475 N.W.2d 538, 545 (N.D. 1991) [decision overruling prior interpretation of state anti-deficiency judgment statutes applied prospectively]; *Forster v. North Dakota Workers Compensation Bureau*, 447 N.W.2d 501, 504–505 (N.D.1989) [previous decision announcing pretermination due process rights applied retroactively]. *Compare Muller v. Custom Distributors, Inc.*, 487 N.W.2d 1, 4 (N.D.1992) [*Chevron* factors limited in *James B. Beam Distilling Co. v. Georgia*, 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), for decisions changing federal law, where law changing decision had been applied to parties to the previous action]. *See also Harper v. Virginia Department of Taxation*, —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993) [when United States Supreme Court applies a new rule of federal law to parties to action, the rule is the controlling interpretation of federal law and is applied retroactively].

Our decision to overrule *Erenfeld* involves the interpretation of a state statute and not a question of federal constitutional law. *Compare Muller; Harper; Beam.* Because this substantive issue involves state law, we are not precluded from applying the *Chevron* factors to determine retroactivity or prospectivity of our decision. *See Muller*, 487 N.W.2d at 5, n. 7.

Although our decision in this case overrules language in *Erenfeld* affecting some contractual and reliance interests, those interests affect the circumstances of payment for services already rendered and not the initial structuring of a contractual relationship. *Compare First Interstate Bank of Fargo* [decision overruled prior interpretation of state anti-deficiency judgment statutes which parties had relied upon to structure contractual relationship]. The reliance interests involved with partial payment of an ongoing open account under circumstances constituting an acknowledgment of the entire debt are not the same as the reliance interests involved with the initial structuring of a transaction to eliminate or minimize liability. The obvious purpose of the partial payment rule is to prevent a debtor who makes partial payments under circumstances constituting a voluntary acknowledgment of the entire debt from using the statute of limitations as a defense to payment for all of the services previously rendered. The equities underlying that purpose and those reliance interests do not favor prospective application of our decision to debtors.

We are not persuaded reliance interests, equitable considerations, or purposes of the partial payment rule justify allowing a debtor to use the statute of limitations as a defense when the debtor has made partial payments on an open account under circumstances constituting a voluntary acknowledgment of the entire debt. We thus apply our decision to overrule *Erenfeld* prospectively and retroactively.

We reverse and remand for further proceedings in accordance with the criteria for determining whether Bolken's partial payments were made under circumstances constituting an acknowledgment of the entire debt.

VANDE WALLE, C.J. and NEUMANN, LEVINE and MESCHKE, JJ., concur.

---

confusion and injustice for those relying upon previous decisions]. *See Johnson v. Hassett*, 217 N.W.2d 771, 780 (N.D.1974) [decision holding guest statute unconstitutional applied prospectively, except as to parties to action].

In other cases in which we have overruled past precedent, we have applied the new principle of law to the parties to the action without discussing the issue of prospectivity or retroactivity. *First Trust Co. of North Dakota v. Scheels Hardware*, 429 N.W.2d 5, 11 (N.D.1988); *Hopkins v. McBane*, 427 N.W.2d 85, 90–94 (N.D.1988); *Lembke v. Unke*, 171 N.W.2d 837 (N.D.1969); *Melland v. Johanneson*, 160 N.W.2d 107 (N.D. 1968); *Iverson v. Lancaster*, 158 N.W.2d 507 (N.D.1968).