**Gary L. SPRYNCZYNATYK, Director of Stark County Social Service Board or any Successor County, Plaintiff and Appellant,**

**and**

**Karen Celley, Plaintiff,**

v.

**Brian CELLEY, Defendant and Appellee.**

**Civ. No. 910345.**

Supreme Court of North Dakota.

June 25, 1992.

Diane F. Melbye (argued), of Melbye Law Office, Dickinson, for plaintiff and appellant.

Thomas E. Merrick (argued), of Paulson & Merrick, Jamestown, for defendant and appellee.

MESCHKE, Justice.

The Stark County Social Service Board ["the Board"] appeals from a judgment dismissing its action against Brian Celley for support of his son. We conclude that the trial court erred in holding that this action is an impermissible collateral attack

upon a prior judgment. We reverse and remand for further proceedings.

Brian and Karen Celley were married in 1983. A son, Justin, was born in 1984. Karen and Brian were divorced in 1985. Karen was awarded custody of Justin, and Brian was ordered to pay child support of $150 per month. Visitation problems arose and Brian became delinquent in his support payments. Karen and Justin began receiving Aid to Families with Dependent Children [AFDC] benefits from Williams County.

In 1988, Brian sued in Stutsman County to terminate his own parental rights to Justin. The suit named Karen as the only defendant. Neither Justin, the Williams County Social Service Board, nor the State were designated as defendants. The statutory procedures for terminating parental rights were not followed. Karen did not answer the complaint, and a default judgment was entered that terminated Brian's parental rights.

Karen later moved from Williston to Dickinson and again applied for AFDC benefits. Karen assigned her right to support, and Justin's right to support, to the Board. The Board and Karen then sued Brian, seeking reimbursement of $10,454 in public assistance to Justin by the Board and other public agencies, future child support of $150 per month, and medical insurance coverage for Justin. The trial court dismissed the action, concluding that it was an impermissible collateral attack on the prior judgment terminating Brian's parental rights. The Board appealed.

The sole question on appeal is whether the Board's suit is barred as an impermissible collateral attack on the prior judgment.

■ A judgment may not be collaterally attacked by a party to the action in which it was rendered or by one in privity with a party to the judgment. *Gruebele v. Gruebele,* 338 N.W.2d 805, 811 (N.D.1983); *Texaro Oil Co. v. Mosser,* 299 N.W.2d 191, 195 (N.D.1980). Brian asserts that the Board is in privity with Karen, a party to the prior judgment, because the Board is asserting Karen's rights by assignment.

■ We discussed privity in *Hull v. Rolfsrud,* 65 N.W.2d 94, 96–97 Syll. ¶ 1 (N.D.1954):

Privity is the mutual or successive relationship to the same rights of property. If it is sought to bind one as privy by an adjudication against another it must appear that at the time he acquired the rights or succeeded to the title it was then affected by the adjudication. If the right was acquired by him before the adjudication, then the doctrine cannot apply.

In the closely related context of res judicata, we have said that "privity exists if a person is 'so identified in interest with another that he represents the same legal right.'" *Hofsommer v. Hofsommer Excavating, Inc.,* 488 N.W.2d 380, 384 (N.D. 1992) (*quoting* 46 Am.Jur.2d *Judgments* § 532 (1969)). As *Meyer v. Johnson,* 254 N.W.2d 107, 112 (S.D.1977) said, *quoting Sodak Distributing Co. v. Wayne,* 77 S.D. 496, 93 N.W.2d 791, 795 (1958), privity must be measured "as it exists in relation to the subject matter of the litigation, and the rule is construed strictly to mean parties claiming under the same title."

Thus, privity refers to mutuality of the rights or interests asserted in the two actions. We therefore focus upon the nature of the rights and interests asserted by the Board to determine whether it is in privity with Karen for purposes of the doctrine of collateral attack.

■ The Board's authority to seek reimbursement and future benefits for the child is derived not only from the assignment signed by Karen, but also by statute. The pertinent part of the relevant statute declares:

An application for assistance under this chapter is deemed to create and effect an assignment of all rights of support, which exist or may come to exist *for the benefit of the child,* to the state agency and county agency. The assignment:

1. Is effective as to both current and accrued child support obligations.

2. Takes effect upon a determination of eligibility for assistance under this chapter.

3. Terminates when an applicant ceases to receive assistance under this chapter, except with respect to the amount of any unpaid support obligation accrued under the assignment.

NDCC 50-09-06. (Emphasis added.) This statute clarifies that the Board is asserting the *child's* rights when it seeks reimbursement or future support for the child. Although a custodial parent may have a representational right to collect support on behalf of the child, the right to support really belongs to the child. *See Abrams v. Connolly*, 781 P.2d 651, 658 (Colo.1989); *Conley v. Conley*, 259 Ga. 68, 377 S.E.2d 663, 665 (1989); *Alexander v. Alexander*, 494 So.2d 365, 368 (Miss.1986). Thus, when the Board brought this action for reimbursement of past benefits furnished to the child and for future support and medical insurance coverage, it was asserting the interests of Justin, the child, not of Karen, the mother.

Counsel for Brian virtually concedes that Justin is not barred by the prior judgment because he was not a party, and that Justin could bring his own action for support. *See Sturdevant v. SAE Warehouse, Inc.*, 270 N.W.2d 794, 799 (N.D.1978) (one is not bound by a judgment unless he was a party or in privity). Because the Board is asserting Justin's rights to support, we conclude that the Board is not in privity and is not bound by the prior judgment terminating Brian's parental rights.

Our conclusion is supported by the scholarly analysis recommended in Section 36 of the Restatement of Judgments (Second) (1982):

Party Appearing in Different Capacities

(1) A party appears in his individual capacity unless, in his designation as a party or by other manifestation, it is made evident that he appears in some other capacity.

(2) A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.

In the action for termination of Brian's parental rights, there was no indication that Karen was sued in a representative capacity. Thus, Karen can only be bound by the judgment in her individual capacity. Accordingly, Karen could still sue for support as Justin's guardian, representing his interests, and would not be bound by the prior judgment either. *See Conley v. Spillers*, 171 W.Va. 584, 301 S.E.2d 216, 226 (1983). Likewise, the Board is not precluded from suing to protect Justin's interests.

Finally, we stress that the State is statutorily made a real party in interest when reimbursement of public assistance paid on behalf of a child is sought:

*State is real party in interest.* The state is a real party in interest for purposes of establishing paternity and securing repayment of benefits paid, future support, and costs in action brought to establish, modify, or enforce an order for support of a child in any of the following circumstances:

1. Whenever aid under chapter 50–09 or 50–24.1 is provided to a dependent child.

NDCC 14-09-09.26(1). When such an action is brought, the State has an overriding interest, separate and apart from that of the child, to enforce child support obligations, and the attorney representing the child support agency represents that interest as well:

*Attorney represents people's interest in the enforcement of child support obligations.* In any action brought to establish paternity, secure repayment of governmental benefits paid, secure current or future support of children, or establish, enforce, or modify a child support obligation, the public authority or a child support agency may employ or contract with a licensed attorney. An attorney so employed or contracted represents the interest of the people of the state of North Dakota in the enforcement of child support obligations.

NDCC 14-09-09.27. Counsel for the Board in this action therefore represents the interests of the people of the State in

compelling enforcement of child support obligations.

We conclude that the trial court erred in holding that the Board's action was barred as an impermissible collateral attack upon the prior judgment terminating Brian's parental rights. The Board is representing Justin's interests and the public interest, not the individual interest of Karen. Accordingly, the Board is not bound by the prior judgment. The judgment dismissing the Board's action is reversed, and the case is remanded for further proceedings.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and JOHNSON, JJ., concur.