Vicki Gail FUSON, f/k/a Vicki Gail
Schaible, Plaintiff and Appellee,

v.

Arthur Paul SCHAIBLE, Defendant
and Appellant.

Civ. No. 920077.

Supreme Court of North Dakota.

Dec. 30, 1992.

Paulson and Merrick, Jamestown, for defendant and appellant; argued by Thomas E. Merrick, Jamestown.

Anseth & Zander, Williston, for plaintiff and appellee; argued by Janet Holter Zander, Williston.

* Although the opinion authored by Justice Johnson was prepared as a proposed majority opinion, the effect of Justice VandeWalle's special concurrence and dissent is to make the opinion written by Justice Levine, and concurred in by Justice Meschke, the majority opinion on the issue of the running of the statute of limitations, and, therefore, the judgment of the district court is affirmed.

JOHNSON, Justice.*

Arthur Paul Schaible appeals from a judgment of the Williams County District Court which awarded his ex-wife $8,450, plus interest, for child support arrearages incurred during the period of September 1977 through August 1981. We reverse and remand.

Arthur and Vicki Schaible were divorced on January 22, 1976. The divorce judgment gave Vicki sole care and custody of their three minor children and required Arthur to pay child support of $66.66 per child per month. Arthur immediately fell in arrears on the support obligation. In November of 1976, Arthur was notified he was $1,400 behind in his payments. In January of 1977, the district court found Arthur in civil contempt. A bench warrant was issued in November of 1977, and Arthur was jailed in July of 1978. He was released and ordered to return for a hearing once he received a medical exam at the Veteran's Administration Hospital in St. Paul, Minnesota. Arthur failed to return, and Vicki claims she did not know of his whereabouts until 1990 when Arthur came to his son's graduation ceremony.[1]

Vicki remarried in 1977, and the Schaible children were adopted by her new spouse in September of 1981.[2] The adoption terminated the parental rights of Arthur and released him from further child support obligations.

On March 13, 1991, Vicki brought a "motion for judgment" on the child support arrears which were owed by Arthur for the period of September 1977 through August 1981. Arthur moved to dismiss the motion on the grounds that he did not owe the money; that he was not capable of paying the arrearages; and, that Vicki's motion was procedurally improper because she should have commenced the action with a

1. Arthur states that he is a truck driver and is often on the road. He disputes Vicki's contention and claims that he has maintained Jamestown as his residence through the years leading up to these proceedings.

2. Chad was 21 at the time Vicki brought her motion. Sean was 19 and Kellie Jo was 18.

summons and complaint. The district court rejected Arthur's argument, ruling that a motion to reduce the arrearages to a sum certain was a proper procedure since a divorce judgment ordering child support had already been obtained in 1976. The district court then scheduled an evidentiary hearing to determine the amount of the arrearages owed, and Arthur's capability to pay. During arguments, Arthur's counsel raised the statute of limitations as a defense, arguing that judgment for these amounts was barred, in whole or in part, because of the age of the claims. The court allowed post-hearing briefs on the issue, and on February 25, 1992, ordered judgment for Vicki of $8,450 in child support arrearages, plus interest at six percent per annum, from August 1981 through January 1991, which must be paid at a minimum rate of $150.00 a month. The court held that Arthur's statute of limitations defense was barred, since it was not raised in his written response to the motion, and Arthur did not subsequently seek to amend his response.

Arthur appeals, arguing that the district court did not have jurisdiction to render judgment because Vicki's motion was procedurally deficient, and Vicki's action is barred by the statute of limitations.

Arthur contends that since Vicki is seeking a money judgment, Rule 3, N.D.R.Civ. P.,[3] requires that she bring a separate action initiated with a summons and complaint. In short, Arthur contends that a new judgment is being sought, therefore, a new action must be brought. Vicki's argument is less clear. She argues that the district court has continuing jurisdiction over the divorce decree and contends her motion is merely seeking to reduce the order for child support to a judgment. She also argues that her motion is merely seeking to amend the original divorce judgment to reflect the debt on the arrearages.

■ We first note that this issue has been clarified for post–1987 arrearages in other cases with the passage of N.D.C.C. § 14–08.1–05.[4] That statute declares that a child support payment once due and unpaid becomes a judgment by operation of law. Since the statute creates a judgment for each accrued installment, a custodial parent seeking to docket a judgment need only comply with the requirements of Rule 58, N.D.R.Civ.P. In *Baranyk v. McDowell*, 442 N.W.2d 423 (N.D.1989), we ruled that the statute does not apply retroactively. Since the arrearages in this case were incurred between 1977 and 1981, the statute does not control.

■ This Court has not previously ruled on the issue, but it appears that, prior to 1987, motions under the district court's continuing jurisdiction, as well as separate actions, were used to secure judgments for child support arrearages. *See e.g.,* *McWethy v. McWethy*, 366 N.W.2d 796, 798 (N.D.1985); *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D.1970). We conclude that pre–1987 arrearages may be reduced to a money judgment through a motion. The judgment rendered, however, is not an amendment of the divorce judgment as Vicki argues, but a money judgment on arrearages.

■ A motion, as opposed to a new action, is appropriate since enforcement of

---

3. Rule 3, N.D.R.Civ.P., states: "[a] civil action is commenced by the service of a summons."

4. N.D.C.C. § 14–08.1–05, states:
*Support order to be judgment.*
1. Any order directing any payment or installment of money for the support of a child is, on and after the date it is due and unpaid:
   a. A judgment by operation of law, with the full force, effect, and attributes of a judgment of the district court, including the ability to be entered in the judgment book pursuant to rule 58 of the North Dakota Rules of Civil Procedure and otherwise enforced as a judgment;

b. Entitled as a judgment to full faith and credit in any jurisdiction which otherwise affords full faith and credit to judgments of the district court; and
   c. Not subject to retroactive modification.
2. Failure to comply with the provisions of a judgment or order of the court for the support of a child may be punished as civil contempt. All remedies for the enforcement of judgments apply. A party or the party's assignee may also execute on the judgment, and the obligor is entitled only to the exemptions from process set forth in section 28–22–02.

child support payments differs from traditional actions seeking the enforcement or protection of a right. Once due and unpaid, child support arrearages cannot be modified. *Kinsella v. Kinsella, supra.* In effect, once accrued the right to payment becomes vested. This right accrues under the trial court's continuing jurisdiction on matters pertaining to the custody, care, support, and education of the children of the marriage. *Corbin v. Corbin,* 288 N.W.2d 61, 64 (N.D.1980). To require that a custodial parent file a new law suit every time a judgment on arrearages is sought would fracture the trial court's continuing jurisdiction and do little to promote judicial economy. We would be required to elevate form over substance. Vicki's motion performed the essential functions of a summons and complaint. It provided notice, set out the basis of Vicki's claim, and provided Arthur with an opportunity to be heard. A separate action to obtain a money judgment may have been an acceptable, but not an exclusive remedy. Our holding is consistent with other jurisdictions. "The reduction of arrearage to judgment is not a new cause of action but is a continuation of efforts to obtain support and maintenance for minor children, and it is not necessary that new process issue.... The party against whom relief is sought does, however, have a right to notice even if the court does have jurisdiction." *Talbot v. Talbot,* 99 Mich.App. 247, 297 N.W.2d 896, 899, (1980). "[A] divorce court has continuing jurisdiction over its decrees for alimony, separate maintenance, and custody and support of children. An application for modification or enforcement of such decree is a supplementary proceeding incidental to the original suit. It is not an independent proceeding or the commencement of a new action." *Hershey v. Hershey,* 467 N.W.2d 484, 486 (S.D.1991), citing *Eggers v. Eggers,* 82 S.D. 675, 153 N.W.2d 187, 189 (1967).

Arthur also contends that Vicki's action is barred in whole, or in part, by the statute of limitations. He states that child support is an obligation which falls under the six-year limitations period. N.D.C.C. § 28–01–16. Alternatively, he argues that under a ten-year limitations period for actions on judgments or decrees, all but a few of the payments are barred. N.D.C.C. § 28–01–15. He also suggests that N.D.C.C. § 28–20–35 [5] cancels the 1976 judgment which ordered child support since it was not renewed within ten years of the judgment date.

Vicki contends that she was prejudiced by the late assertion of the defense since she could not test it against N.D.C.C. § 28–01–32, which provides that a statute of limitations may be tolled when a defendant is outside the state. She also contends that N.D.C.C. § 28–01–25 [6] allows her to bring an action for payments owed to her youngest child since the child's infancy tolled the limitations period.

The trial court stated its decision was based on Rule 8(c), N.D.R.Civ.P., which requires that the statute of limitations defense be set forth affirmatively in a re-

---

5. N.D.C.C. § 28–20–35, states: "[a]fter ten years after the entry of a judgment that has not been renewed, or after twenty years after the entry of a judgment that has been renewed, the judgment must be canceled of record."

6. N.D.C.C. § 28–01–25, states:
   *Disabilities extend limitations on actions generally—Exceptions.* If a person who is entitled to bring an action other than for the recovery of real property, or for a penalty or forfeiture, or against a sheriff or other officer for an escape is:
   1. Under the age of eighteen years;
   2. Insane; or
   3. Imprisoned on a criminal charge or in execution under the sentence of a criminal court for a term less than for life,

at the time the claim for relief accrues, the time of such disability is not a part of the time limited for the commencement of the action. However, the period within which the action must be brought cannot be extended more than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases. In cases alleging professional malpractice, the extension of the limitation due to infancy is limited to twelve years.
Vicki contends that the statute of limitations on all of the arrearages owed and attributable to her daughter was tolled until her daughter's 19th birthday in March of 1992. Since Vicki initiated her motion well before that date, she claims she may collect the arrearages.

sponse to a pleading. The court noted that Arthur did not raise the issue in his response to Vicki's motion, nor did he subsequently seek to' amend his response. The court stated it "hesitates to rule against a party on a technicality, but here [the court] has no choice." Arthur contends that Rule 8(c), N.D.R.Civ.P., does not apply to motions and that Vicki was not prejudiced by his assertion of the defense during closing arguments since the trial court allowed post-hearing briefs on the matter. We agree.

■ Rule 8(c) refers to pleadings. If not affirmatively set forth in a response to a pleading, or in an amended pleading, an affirmative defense may be waived.[7] In a motion proceeding, however, a trial court has more leeway. *See Boschee v. Boschee,* 340 N.W.2d 685 (N.D.1983). In *Boschee,* the defendant failed to file and serve an affidavit in response to a motion as required by Rule 6, N.D.R.Civ.P. We held the trial court did not commit error when it allowed the defendant to respond to the motion orally at the hearing. We noted a trial court should consider a petition primarily on its merits. We stated that when the court considers an oral return, it should continue the hearing to allow the moving party time to respond to material not covered in the moving party's affidavit. Although the district court properly allowed post-hearing briefs on the limitations issue, it seems clear its decision barring assertion of the defense was based on a belief that Rule 8(c) required waiver.

We conclude that the applicable statute of limitations is § 28–01–15. We have not previously reviewed this issue. However, in *Richter v. Richter,* 126 N.W.2d 634 (N.D.1964), we applied § 28–01–15 to alimony arrearages. We stated that where a divorce decree provides for payments of alimony in installments, the right to enforcement accrues upon each installment as it matures, and that the statute of limitations begins to run against each installment from the time fixed for its payment. *Id.* at 638. The same rationale may be applied to child support arrearages.[8]

■ Arthur's contention that the 1976 judgment is cancelled for nonrenewal is unpersuasive. As we have stated, pre–1987 arrearages do not become judgments until they are adjudicated through a motion proceeding or separate action. N.D.C.C. § 28–20–35 provides that a previously entered judgment is cancelled if it is not renewed within ten years. Since the arrearages here were not reduced to judgment and entered until 1991, the statute does not apply. In addition, the renewal requirement does not apply to the original divorce judgment, as it relates to child support, since the divorce judgment does not set out a fixed sum. Renewal requirements could apply, however, to a divorce judgment for a fixed amount in the division of property or settlement of debts. *See Leifert v. Wolfer,* 74 N.D. 746, 24 N.W.2d 690, 696 (1946).[9]

Vicki argues that the statute of limitations may be tolled, if Arthur was absent from the state, under N.D.C.C. § 28–01–32.

---

7. However, amendments are to be freely given when justice requires. Rule 15(a), N.D.R.Civ.P.

8. Many jurisdictions apply a statute of limitations on actions on a judgment or decree to child support payments. "These courts reason that since each child support payment becomes a separate, final judgment as of its date of accrual, the statute of limitations pertaining to final judgments applies." *In Re Marriage of Hooper,* 247 Mont. 322, 806 P.2d 541, 544 (1991). This reasoning certainly applies to arrearages incurred after the passage of N.D.C.C. § 14–08.1–05 in 1987. However, we have noted that pre–1987 arrearages did not automatically become judgments. Since pre–1987 arrearages are not automatic judgments, the judgment or decree acted on, for statute of limitations pur-

poses, is the original divorce decree ordering child support payments. The statute of limitations doesn't begin to run on the judgment, however, until the right to enforce the judgment accrues. The right to enforce the judgment occurs when the payments are due and unpaid. *See Richter v. Richter,* 126 N.W.2d 634, 638 (N.D.1964). While the application of N.D.C.C. § 28–01–15 to pre- and post–1987 child support arrearages is conceptually different, the results are essentially the same.

9. Post–1987 arrearages also do not fall under the ten-year renewal provision of N.D.C.C. § 28–20–35 until a judgment has been entered and docketed pursuant to Rule 58, N.D.R.Civ.P.; *See* N.D.C.C. 14–08.1–05(1)(a); *Baranyk v. McDowell,* 442 N.W.2d 423, 426 (N.D.1989).

We leave this issue for the district court.[10] However, § 28–01–25, which tolls a statute of limitations period while a disability exists, such as the minority of their children, is inapplicable to Vicki's claims.

■ We have recognized an interest of the child in the obligation of child support, particularly where asserted by a governmental agency. *Sprynczynatyk, Director of Stark Co. Social Services Bd. v. Celley*, 486 N.W.2d 230 (N.D.1992). In this case, neither the child, nor an agency or entity acting on behalf of the child, are parties. The purpose of the tolling statute is to allow a person under a disability to bring an action that would otherwise be barred by a statute of limitations. "Statutes of limitation begin to run against everyone, including minors, when the cause of action accrues, and tolling statutes only extend the time for completing the bar of the statute so that the minor shall have an opportunity to act for himself after the disability caused by his minority has been removed." *Slade v. Slade*, 81 N.M. 462, 468 P.2d 627, 631 (1970). Imputing the rights of the adult child to the parent in this situation conflicts with the justification for the statute. As a result, N.D.C.C. § 28–01–25 does not toll the statute for claims brought by Vicki. We reverse the district court's judgment and remand for further proceedings consistent with this opinion.

ERICKSTAD, C.J., concurs.

VANDE WALLE, Justice, concurring and dissenting.

I agree with the opinion written for the Court by Justice Johnson except the portion of the opinion holding that the statute of limitations begins to run against each installment from the time fixed for its payment. With regard to that issue I agree with Justice Levine's dissent.

I do so because to *require* a suit on each installment or to face the possibility of the obligation being time barred, seems to me a theoretical, but impractical, legal concept in an essentially equitable matter.

In this respect, I am troubled by the enactment of section 14–08.1–05, NDCC, but the enactment was obviously for the purpose of aiding collection of support, not restricting or limiting the options available to the obligee.

This position appears to be inconsistent with *Richter v. Richter*, 126 N.W.2d 634 (N.D.1964) [right to enforcement of alimony payments accrues upon each installment as it matures and statute of limitation begins to run against each installment from time fixed for its payment.]

However, I would distinguish that case on the ground that the payments for alimony were to continue indefinitely, i.e., "until the further order of the court," and there would be no time limit on an action without holding each payment a separate obligation to which the statute of limitation applies. In most instances of child support payments, the payments do cease at a specific date, usually maturity of the child or earlier, as here, when the obligation ceased when the children were adopted.

Thus, there is a time limitation on child support payments. I agree there should be. I would reach the same conclusion where alimony is limited to a specific time and would distinguish *Richter* accordingly should the issue arise.

LEVINE, Justice, dissenting.

All parents owe a duty of support to their children. Therefore, it seems to me that the statute of limitations should not be

---

**10.** The tolling provisions of N.D.C.C. § 28–01–32 may be restricted in certain situations. In *Muller v. Custom Distributors, Inc.*, 487 N.W.2d 1 (N.D.1992) we adopted the rationale of *Bendix Autolite Corp. v. Midwesco Enterprises*, 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988), and found that the statute violated the Commerce Clause of the United States Constitution when it required a non-resident corporation to subject itself to the general jurisdiction of the state in order to claim the protection of the statute of limitations. Additionally, § 28–01–32 was amended in 1989 so that its provisions "do not apply if this state's courts have jurisdiction over the person during the person's absence." The amendment apparently refers to the availability of "long-arm" service of process under Rule 4, N.D.R.Civ.P. and under N.D.C.C. §§ 39–01–11 and 39–01–12. *See Muller*, supra at n. 4.

triggered until that duty of support terminates. *E.g., Paterson v. Paterson,* 73 Wis.2d 150, 242 N.W.2d 907 (1976). *Cf. Wood v. Hunter,* 504 So.2d 553 (Fla.App. 4 Dist.1987) [statute of limitations does not apply to child support enforcement proceedings, only laches do but rarely do laches defeat claim for child support].

There is a strong public policy that requires our courts to assure the proper support of minor children. *E.g., Mathisen v. Mathisen,* 276 N.W.2d 123 (N.D.1979). Child support has a direct impact on the interests of children and it is children "who have the most at stake" over the issue of child support but "who have the least ability to protect their interests." *Tiokasin v. Haas,* 370 N.W.2d 559, 562 (N.D.1985).

While it may be reasonable to expect the custodial parent of the children to be ever-vigilant of those children's rights to child support, if that parent is not vigilant, if that parent is derelict, why should the children suffer? Why should the non-paying obligor benefit? Why should we apply a statute of limitations to achieve those unintended, unenlightened results when we do not allow parents to stipulate to the termination of future child support? *See Tiokasin v. Haas, supra.* Nor do we condone the modification or termination of accrued child support payments. *Kinsella v. Kinsella,* 181 N.W.2d 764 (N.D.1970).

A divorce involves not merely the divorcing parents but also their children. Children are interested parties whether they are named or not. *Sprynczynatyk v. Celley,* 486 N.W.2d 230 (N.D.1992). We undermine our statements in cases like *Tiokasin,* if we hold that only when children are named parties are courts "required" to assure their proper support. Obviously, that cannot be the law. The law ought to be that only when children reach the age of their majority or otherwise become ineligible to receive child support, thereby relieving courts of the judicial obligation to look out for children, should the statute of limitations begin to run. That's what Wisconsin holds, and I wish North Dakota would, too. *See Paterson v. Paterson, supra.*

 Once the child support obligation terminates, the statute of limitations begins to run, not before. *Paterson v. Paterson, supra.* In September 1981, Arthur's child support obligations terminated and the statute of limitations began to run. Vicki brought her motion for accrued child support on March 13, 1991. Section 28-01-15, NDCC, says that an action upon a judgment must be commenced within ten years after the claim for relief has accrued, which, in this case, would be September 1981. Here, Vicki's motion was within that ten-year period. Accordingly, her claim is not barred by the statute.

I would affirm.

MESCHKE, J., concurs.