**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Elmo O. KVISLEN, Defendant and Appellee.**

**Criminal No. 950334.**

Supreme Court of North Dakota.

March 21, 1996.

John Greenwood, State's Attorney, Jamestown, for plaintiff and appellant.

Steven Balaban of Dickson Law Office, Bismarck, for defendant and appellee.

NEUMANN, Justice.

The State appeals an order of the Stutsman County District Court granting Kvislen's motion to dismiss a DUI charge based on double jeopardy grounds. We reverse.

On June 9, 1995, Elmo O. Kvislen was arrested for driving under the influence (DUI). Kvislen was charged with a class A misdemeanor DUI by complaint dated June 22, 1995. On July 7, 1995, an administrative

hearing officer suspended Kvislen's drivers' license. Kvislen subsequently filed a pretrial motion to dismiss the criminal charge, arguing a criminal conviction would violate double jeopardy under both the United States Constitution and the North Dakota Constitution. The district court granted the motion.

On appeal, the State argues an administrative license suspension followed by a criminal conviction does not constitute multiple punishment for the same offense, and thus does not violate the Double Jeopardy Clause under either the United States Constitution or the North Dakota Constitution. Kvislen argues the converse.

■ The arguments advanced by both parties are familiar to this court. We have heard and responded to the arguments in several recent decisions. *State v. Jacobson,* 545 N.W.2d 152 (N.D.1996); *State v. Kalina,* 544 N.W.2d 176 (N.D.1996); *State v. Fears,* 544 N.W.2d 176 (N.D.1996); *City of Dickinson v. Powell,* 539 N.W.2d 869 (N.D.1995); *State v. Zimmerman,* 539 N.W.2d 49 (N.D. 1995). For example, in *State v. Zimmerman,* we determined, under the United States Constitution, an administrative license suspension followed by a criminal prosecution does not violate the Double Jeopardy Clause because the administrative license suspension does not constitute punishment for double jeopardy analysis. 539 N.W.2d at 56. In *State v. Jacobson,* we made the same determination under the North Dakota Constitution. We declined to interpret punishment for purposes of double jeopardy analysis under North Dakota statutory and constitutional law different than under federal constitutional law. 545 N.W.2d at 153. Accordingly, we reject Kvislen's argument on both federal and state constitutional grounds, and we re-

verse the district court's order granting Kvislen's motion to dismiss the criminal DUI charge.

■ We also address another argument advanced by counsel for Kvislen. Kvislen's counsel contended *Zimmerman* should not be applied retroactively to his client's case since the dismissal of the criminal DUI charge occurred one month earlier than the decision. However, *Zimmerman* did not establish "a new principle of law ... or decid[e] an issue of first impression." *Kadrmas, Lee & Jackson, P.C. v. Bolken,* 508 N.W.2d 341, 346 (N.D.1993). *Zimmerman* revisited and adhered to an earlier decision of this court. 539 N.W.2d at 50 (referring to the rule established in *State v. Sinner,* 207 N.W.2d 495 (N.D.1973)). We therefore fail to find any merit in the argument.

Reversed.

VANDE WALLE, C.J., and SANDSTROM, J., and GORDON O. HOBERG, Surrogate Judge, concur.

BERYL J. LEVINE, Surrogate Judge, dissenting.

I dissent. See *State v. Jacobson* and *State v. Barnes,* 545 N.W.2d 152 (N.D.1966).

GORDON O.HOBERG, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.